IN THE UNITED STATES DISTRICT COURT
CLERK'S OFFICE U.S. DIST. COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE, VA
FILED
DANVILLE DIVISION

JAN 0 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| SANDRA L. DEHART, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:05cv00061 |
| | ) | |
| WAL-MART STORES, EAST, L.P. | ) By: | Hon. Michael F. Urbanski |
| Defendant. | ) | United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion to compel discovery filed on December 16, 2005. Plaintiff alleges she was injured when items fell off of a stock cart in the grocery department of the Martinsville Wal-Mart store and struck her. Defendant admits it has a video surveillance tape documenting the incident in question, but has declined to produce the tape until the plaintiff has been deposed.

At a hearing held on January 6, 2006, plaintiff argued that the video surveillance tape is a required disclosure under Federal Rule of Civil Procedure 26. For its part, defendant argued that the requested videotape should not be produced until the plaintiff has been deposed because of the surveillance video's impeachment power. Defendant relies on a line of cases in which courts have held surveillance footage need not be turned over until the defendant has been given the opportunity to depose the plaintiff, so that plaintiff is discouraged from altering her testimony in light of what the videotape shows. Def.'s Mem. in Opp. to Pl.'s Mot. to Compel.

The Fourth Circuit has not directly dealt with the discoverability of surveillance evidence, and other federal authority is split. See Gutshall v. New Prime, 196 F.R.D. 43, 45 (W.D. Va. 2000); Ward v. CSX Transportation, Inc., 161 F.R.D. 38, 39 (E.D.N.C. 1995). However, Rule 26 clearly excludes from pretrial discovery material which will be used solely for impeachment

purposes. Fed. R. Civ. P. 26(a)(1)(B), (a)(3). While defendant correctly asserts that discovery of impeachment surveillance videotapes is usually not permitted prior to the completion of plaintiff's deposition, Bachir v. Transoceanic Cable Ship Co., No. 98-4625, 1998 U.S. Dist. LEXIS 19528, at *1-2 (S.D.N.Y. Dec. 15, 1998), evidence, such as a surveillance tape, rarely fits into a single category, such as that used solely for impeachment. Pro Billiards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229, 230 (M.D.N.C. 1999).

Where the substantive value of the evidence predominates, courts have held that production should not be delayed until after deposition. Pro Billiards Tour Assoc., 187 F.R.D. at 231 ("To the extent the substantive value of the evidence outweighs its impeachment value, the Court will not delay production pending the taking of a deposition."); Bachir, 1998 U.S. Dist. LEXIS 19528, at *2 (directing defendant to produce surveillance evidence within ten days of this opinion if such evidence will be used for *any purpose beyond impeachment*, and within ten days of plaintiff's deposition if the surveillance evidence will be used for the purpose of impeachment only) (emphasis added); cf. Ward, 161 F.R.D. at 39 (denying plaintiff's motion to compel discovery of surveillance materials to be used at trial, if at all, for impeachment purposes). But see Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 104 (E.D.N.C. 1993) (defendant ordered to disclose all surveillance materials to plaintiff upon completion of plaintiff's deposition).

The Fifth Circuit has defined substantive evidence as that which is offered to establish the truth of a matter to be determined by a trier of fact. Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 517 (5th Cir. 1993). The videotape in this instance documents the series of events that led to the alleged injury of the plaintiff on the date in question. It is certainly evidence that

2

would be offered to establish the underlying facts surrounding the incident that occurred at the Martinsville Wal-Mart store. The impeachment value of this surveillance video appears minimal compared to its substantive value as what actually occurred on the date of the incident. Cf. Chiasson, 988 F.2d 513 (finding a tape documenting plaintiff carrying on daily activities despite her claims of pain as a result of a personal injury was, at the very least, in part substantive).

Because the surveillance videotape in this case is likely to provide both substantive as well as impeachment evidence, plaintiff's motion to compel is **GRANTED**. Defendant is **ORDERED** to provide these materials to plaintiff pursuant to the discovery request filed on October 27, 2005, and prior to the deposition of the plaintiff.

At the hearing, the parties agreed that no party or fact witness will be permitted to view this videotape prior to their depositions. The parties further agreed that counsel are permitted to view the videotape and discuss it with any party or fact witness in connection with their preparation in this case.

It is so **ORDERED**.

**ENTER:** This 6 day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

3