IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Danville Division**

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 0 6 2006

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

| | | |
|---|---|---|
| SANDRA L. DEHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:05-CV-00061 |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

With the consent of the parties, the Court's finding that good cause exists for the entry of a Protective Order in this case, it is hereby ORDERED as follows:

(1)     The parties agree that any party may designate as "confidential" any information, documents and things which said party in good faith believes reflect confidential information. This may include responses to written discovery requests, as well as portions of depositions and the transcripts thereof.

(2)     Except by agreement of the parties or pursuant to a Court Order, the parties agree to refrain from displaying or providing said documents, including photocopies or reproductions thereof, or disclosing such confidential information to any other person not a party or representative of a party in this action.

(3)     Documents containing information the party desires to be covered by this Protective Order shall be marked "confidential." As to depositions, either party may designate testimony of a witness to be "confidential" by notifying opposing counsel within fourteen (14) days of receipt of the transcript of the page(s) and line(s) of testimony deemed confidential.

6784/112/1004467.1

(4)     In the event any party shall retain the services of an expert in conjunction with this case, the parties agree to instruct said expert to refrain from displaying or providing documents or things marked as "confidential" to anyone other than a party or representative of a party.

(5)     If any party intends to introduce into the public record or into evidence at trial any confidential material or information, that party shall give timely notice of such intention to the Court and opposing counsel. The Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such material or information.

(6)     All confidential material (and any copies thereof) subject to this Order shall be returned to the producing party within thirty (30) days next following the conclusion of this litigation (including any appeals). The Court shall retain jurisdiction over all recipients of all confidential material after the conclusion of the litigation for purposes of enforcing the provisions of this Order.

(7)     Any party may challenge the confidential designation assigned to any item by sending written notice to the designating party and scheduling a hearing in the event the parties shall be unable to agree whether said material is properly designated as "confidential."

Enter this __6ᵗ__ day of _____January_____, 2006.

_____
                                   Judge

Case 4:05-cv-00061-JLK-mfu   Document 19   Filed 01/06/06   Page 2 of 3   Pageid#: 49

Seen and agreed:


_____

Victor S. Skaff, III (VSB No. 40054)
GENTRY LOCKE RAKES & MOORE
P. O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9464
(540) 983-9400 (Fax)

*Counsel for Defendant*


_____

Philip G. Gardner (VSB No. 12951)
GARDNER, GARDNER, BARROW & SHARPE, P.C.
231 Church Street
Fourth Floor Fidelity Bank Building
Martinsville, VA 24112
(276) 638-2455
(276) 638-2458 (Fax)

*Counsel for Plaintiff*

3

6784/112/1004467.1