IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SANDRA L. DEHART,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 4:05cv00061<br>) |
| WAL-MART STORES, EAST, L.P.<br>Defendant. | ) By: Hon. Michael F. Urbanski<br>) United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion to compel production of a document relating to plaintiff's claim. Defendant has asserted that the document is protected from discovery under the work product doctrine as it is a computer generated diary of the investigation of this incident by Claims Management, Inc., the adjusting company for defendant. The document has been submitted to the court for in camera review.

The work product doctrine is applicable to material prepared in anticipation of litigation or for trial, by or for another party or its representatives. Fed. R. Civ. P. 26(b)(3). Documents created in the ordinary course of business are not created in anticipation of litigation, and thus are not protected by the work product doctrine. National Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992). However, the nature of the insurance business poses an interesting question as regards the work product doctrine. Federal courts disagree as to whether an insurer's claim file, prepared after an accident that may generate a potential claim, is protected from discovery under Rule 26(b)(3). Pete Rinaldi's Fast Foods, Inc. v. Great American Ins., 123 F.R.D. 198, 202 (M.D.N.C. 1988); Basinger v. Glacier Carriers, Inc., 107 F.R.D. 771, 773 (M.D. Pa. 1985). Many courts choose to follow a case-by-case approach to determining whether insurance claims files are entitled to work product protection. Kidwilder v. Progressive

Paloverde Ins. Co., 192 F.R.D. 536, 542 (N.D. W. Va. 2000); Suggs v. Whitaker, 152 F.R.D. 501, 506 (M.D.N.C. 1993); Pete Rinaldi's Fast Foods, Inc., 123 F.R.D. at 202; Basinger, 107 F.R.D. at 774.

Upon review of the document, it appears that application of the work product doctrine is appropriate. The bulk of the entries on the document consist of communications with counsel for plaintiff regarding the claim, and the adjusting company's opinion and evaluation of the claim. As such, application of the work product doctrine appears appropriate.

Only one entry in the diary, sequence number 00010, appears to contain any substantive factual information. This entry appears to recite information contained in a statement provided by plaintiff and a brief interview of defendant's sales associate, Harry Wade. At argument, defense counsel stated that defendant already had produced an incident report and witness statement. Given this production, it does not appear that plaintiff can meet the substantial need standard under Rule 26. As the court has not been provided with other discovery materials, however, plaintiff may revisit the issue if statements by the plaintiff or Harry Wade are not contained in that discovery.

Accordingly, it is **ORDERED** that plaintiff's motion to compel be, and hereby is, **DENIED**.

**ENTER:** This 9th day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE